IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AKEEM MUHAMMAD,

    Plaintiff,

vs.                                      Case No. 4:05cv193-WS/WCS

JAMES V. CROSBY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court upon a notice of removal filed by Defendants James V. Crosby, Jr., George Sapp, and Franchetta Barber. Doc. 1. Plaintiff, proceeding *pro se*, initially filed a civil rights complaint in the Circuit Court of the Second Judicial Circuit, Leon County, Florida. Doc. 1. Plaintiff is a prisoner currently confined at Union Correctional Institution. *Id.*

Defendants assert that removal is proper as Plaintiff brings claims over which this federal court would have had original jurisdiction had it been filed in this Court initially, and that removal is timely in that all three Defendants were served with process on May 17, 2005. Doc. 1. The notice of removal, filed on June 8, 2005, was timely filed on the twenty-second day and is appropriate. *Id.*; *see* 28 U.S.C. §§ 1441, 1446.

Defendants simultaneously filed a motion to transfer venue. Doc. 3. Defendants contend that the complaint concerns conditions of confinement at Plaintiff's place of incarceration (Union Correctional Institution) which is in Raiford, Florida, and within the Middle District. Doc. 3. Defendants urge transfer due to "[e]fficiency and resource allocation" as the "actions about which [Plaintiff] complains occurred at Untion Correctional Institution." *Id.* Further, witnesses and the "relevant documentation is likely to be maintained at Union Correctional Institution." *Id.*

Under the removal statute, Defendants were required to remove the case from state court to federal court in the "district and division embracing the place where such action [was] pending." 28 U.S.C. § 1441(a). Thus, removal was properly brought to this Court.

Venue for a civil action brought pursuant to federal claims is proper "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found . . . ." 28 U.S.C. § 1391(b). Here, all three Defendants are officials with the Department of Corrections and are employed at the Department's Central Office in Tallahassee, which is within the jurisdiction of this Court. Venue is, accordingly, proper here under § 1391(b)(1). Nevertheless, § 1404(a) permits a court to transfer a civil action to another district or division where the case could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a).

In this case, Plaintiff's complaint is brought under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. Doc. 1. Plaintiff challenges

"rules and policies of the Florida Dept. of Corrections" which Plaintiff contends substantially burdens his religious practices and the free exercise of religion.  Doc. 1, p. 6.  In particular, Plaintiff challenges rules that require inmates to have clean shaven faces, and requires prison officials to "forcibly shave any inmate who refuses to keep his face clean shaven."  *Id.*  pp. 8-9.  Plaintiff refuses to shave and he is subjected to forced shaves.  *Id.*, at 9.  Plaintiff also challenges the methods by which the forced shaves are carried out, the use of chemical agents to do, the use of chemical agents on inmates with certain medical conditions, and the manner in which prison officials wash the chemical agents off an inmate who has been subjected to such force.  *Id.*, at 8-12.  Plaintiff also challenges a multitude of other issues, *inter alia*, the diet he is given as a "religious diet" which he contends accommodates Jewish inmates but is "unlawful" under Plaintiff's religious beliefs, the denial of Plaintiff's requests for observing the Ramadan fast, that Plaintiff does not know the direction of Qibla so that he can say his daily prayers, that he is denied a Qamees, and many more.

      These claims appear to be generally against decisions or policies made by prison officials at the Department's Central Office, which is within the jurisdiction of this Court and venue would be proper here.  Nevertheless, the actual events about which Plaintiff complains occurred at Union Correctional Institution and, thus, venue would also be appropriate in the Middle District.  28 U.S.C. § 1391.  Whether or not the actual policies and those documents supporting the policies would be at Union Correctional Institution or at Central Office, it is evident that the majority of the witnesses to the events would be located at the Institution.  Because Union Correctional Institution is located in the Middle District of Florida, an appropriate forum for this action pursuant to 28 U.S.C. §

1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.  Thus, pursuant to the Court's discretion as provided for in 28 U.S.C. § 1404, this action should be transferred to the Middle District of Florida for all further proceedings.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and (b), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 15, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**