IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


AKEEM MUHAMMAD,

    Plaintiff,

vs.                                  Case No. 4:05cv193-WS/WCS

JAMES V. CROSBY, et al.,

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion for leave to file a fourth amended complaint. Doc. 107. Plaintiff provided a copy of the proposed fourth amended complaint. Doc. 108. Defendants have filed a response objecting to allowing Plaintiff to proceed with the fourth amended complaint, doc. 112, noting that this case has been pending in federal court since June 8, 2006, having been removed here from state court. Defendants point out that Plaintiff has had several chances already to submit amended complaints and each time he did so, he "either raised new claims and/or deleted other claims." Doc. 112.

Plaintiff wants to add claims to this case concerning being subjected to a "forced shave" and a claim regarding accommodating his desire to have a Ramadan fast. Doc. 107. The claims concerning both the "forced shave" and observing the Ramadan fast

are ones which Plaintiff initially raised in this case and then deleted.  *See* docs. 1, 5. Additionally, Defendants state that "Plaintiff's claim of undergoing forced shaves is currently pending in the Second Judicial Circuit, in and for Leon County, Florida, case number 2004 CA 1665."  Doc. 112, p. 1.  Plaintiff, however, indicates that he "has been unable to get the state circuit courts to address or decide the merits of his forced shave claims."  Doc. 107, p. 3.

Plaintiff acknowledges that his third amended complaint raises six challenges to Department of Corrections' policies.  *Id.*  Plaintiff states that he would like to reinstate these two additional claims, but is willing to delete two existing challenges so as not to enlarge the complaint.  Doc. 107, p. 3.  Plaintiff contends it "will be a burden on the parties and court to require the parties to litigate the issue of Ramadan herein as well as in a seperate [sic] complaint."  *Id.*, at 4.  Plaintiff also claims it will prejudice him if his motion to amend is denied, and will "be an undue burden on Plaintiff to file and prosecute a seperate [sic] complaint."  *Id.*  Plaintiff asserts that it will not prejudice Defendants if he is able to proceed with the fourth amended complaint.  *Id.*

At this point, this case has been pending in federal court for approximately nineteen months and Defendants have already filed two motions to dismiss.  Docs. 73, 75.  Two report and recommendations were entered, doc. 76 and 84, which denied the motions and directed Defendants to file the special report.  Those report and recommendations were adopted on November 9, 2006, docs. 102 and 103, and all four Defendants filed the special report on December 1, 2006.  Doc. 114.  This case is, accordingly, at the summary judgment stage and ready for review.

A plaintiff may amend his compliant "once as a matter of course . . . before a responsive pleading is served . . ." FED. R. CIV. P. 15(a).  As Plaintiff has already submitted three amended complaints, and Defendants have filed the special report, Plaintiff must receive permission from the Court to amend his complaint.  Under Fed.R.Civ.P. 15(a), leave of court to amend is required, but should be "freely given when justice so requires."  The policy underlying Rule 15(a) is liberal, but the purpose of generously allowing amendment is to facilitate a proper decision upon the merits.  Dussouy v. Gulf Coast Investment Corporation, 660 F.2d 594, 598 (5th Cir. 1981); Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).  Thus, a "substantial reason" should exist to support the denial of leave to amend.

In this case, permitting Plaintiff to amend his complaint to add two claims previously voluntarily eliminated would not facilitate a decision on the merits.  One reason is that Plaintiff may not simultaneously litigate a claim that is already pending in state court.  Under notions of comity and federalism, the Younger abstention doctrine developed, espousing a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), *explaining* Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).  Although Younger concerned pending state criminal proceedings, the doctrine has been extended to noncriminal proceedings as well which concern important state interests.  *See* Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Middlesex, 457 U.S. at 432, 102 S.Ct. 2515.  At the heart of

Younger abstention is the vital consideration of comity between the state and national governments.

It is undisputed that Plaintiff already has a state court case pending which contains his challenge to the Department of Corrections' forced shave policies.  Plaintiff states that he "has been unable to get the state circuit courts to address or decide the merits of his forced shave claims."  Doc. 107, p. 3.  Plaintiff may not file a duplicative claim in federal court simply because he is unhappy with the slow turning of the wheels of justice in state court.  It is inappropriate to attempt to bring a claim in federal court just in an effort to have the claim decided sooner.  Permitting this claim to be raised in this case would result in duplicative proceedings and be a wasteful exercise of judicial resources.  To the degree Plaintiff is raising federal constitutional challenges to the state policy, the state courts of Florida may rule on such challenges, state prison rules implicate important state interests, and Plaintiff has an adequate opportunity to raise his constitutional challenge.  See Middlesex, 457 U.S. at 432, 102 S.Ct. at 2521.  Because Plaintiff already is litigating this claim in state court, the motion to amend should be denied pursuant to Younger and Middlesex.

Another reason that amendment should be disallowed is the delay in proceedings and continued altering of the claims.  In Paschal v. Florida Public Employment Relations Commission, 666 F.2d 1381 (11th Cir.), *cert. denied*, 457 U.S. 1109 (1982), the court found no abuse of discretion by a denial of leave to amend where the case was over a year old, discovery had closed, the motion to amend was not made until shortly before trial, the amendment would have caused prejudice to defendants by a continuance of the trial, and there was no indication that the plaintiff would be precluded from bringing

his claim in a separate suit due to the running of the statute of limitations. Denial of leave to amend was also sustained in Addington v. Farmer's Elevator Mutual Insurance Company, 650 F.2d 663 (5th Cir., Unit A), cert. denied, 454 U.S. 1098 (1981). The court found that amendment was sought more than a year after filing suit, after a motion for summary judgment had been filed, and after discovery had ended. Moreover, the court found the proposed amendment to be futile. 650 F.2d at 667. Finally, denial of leave to amend was held to be not an abuse of discretion in Local 472, etc. v. Georgia Power Company, 684 F.2d 721 (11th Cir. 1982). Amendment was not justified, said the court, because discovery had been competed and all defendants had filed motions for summary judgment.

    This case has been pending for over a year and a half, not an insignificant amount of time. Defendants have filed the special report, and the case is on the verge of summary judgment. There is no need to delay these proceedings further where Plaintiff's claim is already pending and he has an opportunity to litigate his claim. It was Plaintiff's choice to omit both the forced shaving claim and Ramadan fast claim from his case over a year ago, and he must live with the consequences of that decision. This case will never have resolution, however, if Plaintiff continues to seek amendments to his complaint and continues to alter his claims, deleting and adding claims as his circumstances change. It is time to proceed with the existing claims from the third amended complaint and move this case forward.

    Moreover, futility of amendment is sufficient cause under Rule 15 to deny permission to amend. Nolin v. Douglas County, 903 F.2d 1546, 1550 (11thCir. 1990), *quoting*, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962);

Grayson v. K Mart Corp., 79 F.3d 1086, 1110 (11th Cir. 1996), *cert. denied*, 117 S.Ct. 435 (1996).  Specifically, amendment to add the forced shave claim would be futile because the Eleventh Circuit has already considered a challenge to the Florida Department of Corrections' policy of requiring male inmates to be clean shaven and have their hair cut.  Harris v. Chapman, 97 F.3d 499 (11th Cir. 1996).  In Harris, the inmate plaintiff claimed that being forced tho comply with those policies violated his First Amendment right to freedom of religious expression and his Eight Amendment rights to be free from cruel and unusual punishment because the officers used physical (excessive) force when restraining him for the hair cut.  97 F.3d at 502.  He also attempted to claim the hair cut rule violated his rights under RFRA (Religious Freedom Restoration Act of 1993).  *Id.*, at 502-503.  The Eleventh Circuit upheld the dismissal of the RFRA claim finding the hair length regulation satisfied the "least restrictive means" test and that the State had a compelling interest in prison security.[1]  Although the rule in Harris was evaluated under RFRA, and Plaintiff attempts to challenge the related clean shaven provision under the RLUIPA (the Religious Land Use and Institutionalized

---

[1] The interests include identification and prevention of escape, and preventing "the secreting of contraband or weapons in hair or beards."  *Id.*, at 504.

Persons Act ), which was enacted when RFRA was declared unconstitutional,[2] the standard of review is basically the same.[3]

In Shabazz v. Barnauskas, 790 F.2d 1536 (11th Cir. 1986), the court upheld a "no beard rule" in Florida's prisons using a "less restrictive means" test.[4]  790 F.2d at 1539.  That test provides that a prison regulation must further a "substantial government interest," be rationally related to the interest, and be "no greater than necessary to protect the governmental interest."  *Id.*, at 1539, *relying on* Bradbury v. Wainwright, 718 F.2d 1538 (11th Cir. 1983).  Prison rules requiring inmates to shave have been upheld on First Amendment grounds, and have been consistently upheld.[5]  *See* Brooks v. Wainwright, 428 F.2d 652 (5th Cir. 1970); Solomon, *supra*, n.4.; Brightly v. Wainwright, 814 F.2d 612 (11th Cir. 1987), *cert. denied* Watts v. Dugger, 484 U.S. 944 (19887) (holding that Florida's grooming regulations requiring all inmates to shave and cut their

---

[2] RFRA was declared unconstitutional as applied to the states in City of Boerne v. Flores, 521 U.S. 507, 536, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997).  The reasoning applied in RFRA cases is still relevant though because the RLUIPA, which in many ways has superceded RFRA, applies nearly the same test.  Diaz v. Collins, 114 F.3d 69, 73 (5th Cir. 1997); *see also* Cutter v. Wilkinson, 349 F.3d 257 (6th Cir. 2003), *rev'd*, 544 U.S. 709 (2005).

[3] "Section 3 of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA or Act), . . . provides in part: 'No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution,' unless the burden furthers 'a compelling governmental interest,' and does so by 'the least restrictive means.' "  Cutter v. Wilkinson, 544 U.S. 709, 711-712, 125 S.Ct. 2113, 2116, 160 L.Ed.2d 221 (2005).

[4] Shabazz noted the strong penological interest preserved by the no beard regulation, and concluded that the rule meets the same purpose as the no long hair rule.  *Id.*, at 1540; *see also* Solomon v. Zant, 888 F.2d 1579, 1581-82 (11th Cir. 1989).

[5] Plaintiff is aware of the well established case law which has "rejected every challenge to Florida's inmate grooming policy."  Doc. 109, p. 2.

hair is rationally related to a substantial government interest and that restriction is no greater than necessary to accomplish its purpose" and noting the issue was controlled by prior circuit precedent); <u>Maimon v. Wainwright</u>, 792 F.2d 133 (11th Cir. 1986) (relying on <u>Shabazz v. Barnauskas</u>, 790 F.2d 1536 and <u>Shabazz v. Williams</u>, 790 F.2d 1536 (11th Cir. 1986) in rejecting prisoner's First Amendment claim challenging Florida's grooming regulation requiring that "inmates be clean shaven and that sideburns be unflared and no longer than the inmate's ear lobe."). Because the least restrictive means test is essentially the same test as would be applied in evaluating an RLUIPA claim, and because this challenge to the clean shaven requirement has already been upheld, adding Plaintiff's claim in this case would be futile.

In light of the foregoing, Plaintiff's third motion for preliminary injunction, doc. 110, in which Plaintiff seeks "enjoining enforcement of the forced shave policy on him" should be denied. If this claim is not made part of this case, Plaintiff is not entitled to injunctive relief.

**RECOMMENDATION**

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to file fourth amended complaint, doc. 107, be **DENIED**, that this case proceed on Plaintiff's third amended complaint, doc. 63, and that Plaintiff's third motion for

preliminary injunction, doc. 110, be **DENIED**, and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 11, 2007.


      s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**