IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**AKEEM MUHAMMAD,**

    Plaintiff,

vs.                                     Case No. 4:05cv193-WS/WCS

**WALTER A. McNEIL,**[1]
**JAMES McDONOUGH,**
**GEORGE SAPP,**
**FRANCHATTA BARBER, and**
**JAMES CROSBY,**

    Defendants.

_____/


## SEVENTH REPORT AND RECOMMENDATION

This is before me on remand to consider Plaintiff objections to my last report and recommendation and to consider Plaintiff's motion to amend his complaint. Doc. 216. The motion to amend will be considered by separate order.

Plaintiff's objections, doc. 212, to my report and recommendation on Defendants' motion for summary judgment, doc. 210, have been considered. Many of

---

[1] Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted for McDonough in his official capacity. FED. R. CIV. P. 25(d).

the objections are answered by Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007) as I discussed in my last report and recommendation.  Plaintiff cites Asrawal v. Briley, 2006 WL 3523750, *9-10 (N.D. Ill. Dec 6, 2006) in his objections for the proposition that there is a claim under the RLUIPA for monetary damages against Defendants in their individual capacities.  Smith v. Allen governs, however, not a district court case.  Smith v. Allen resolves issues of who may be sued, in what capacity, and for what relief.  If the current Secretary is sued in his official capacity, that is enough because he is responsible for all policies, formal and informal, and can grant full relief.  The nominal damages claim is available only against a Defendant in his official capacity.  If that official no longer has any official capacity, the claim is moot.

Plaintiff makes a valid objection that I failed to consider and discuss the "least restrictive means" as to each RLUIPA claim.  I will do so in this report and recommendation as to each RLUIPA claim to the extent necessary.

**RLUIPA Claims**

**Halal Diet**

There is no need to consider the "least restrictive means" test here.  I recommended that Defendants' motion for summary judgment be denied as to this claim and that the claim go to trial.  I will note, however, that my comments about the trial problems that Plaintiff faces as to this claim (doc. 210, pp. 27-28) were unnecessary to the recommendation.  Further, as discussed immediately ahead, Plaintiff's motion to amend his complaint was long ago denied.  The claim before this court on summary judgment was for the full Halal diet, not a bag lunch.

**Islamic clothing and shirts not tucked into the pants**

Plaintiff's objection is that in his response to the motion for summary judgment, he narrowed his clothing claim, and now only claims a right to wear Islamic clothing, with his shirt not tucked into his pants, in his cell for ritual purposes, doc. 212, p. 17. That was not Plaintiff's claim in his third amended complaint, as discussed in my last report and recommendation.  Doc. 210, pp. 3-4, referring to document 63 (third amended complaint), pp. 10-11.  Indeed, that was not Plaintiff's claim in the *fourth* amended complaint that he sought leave to file over a year and a half ago, on November 27, 2006.  Doc. 108, pp. 11 and 12.  Plaintiff's claim in both the third and fourth amended complaints was that when he wears clothes, at all times of the day, he must abide by Islamic rules.  I recommended that Plaintiff not be allowed to file a fourth amended complaint.  Doc. 117.  Plaintiff sought reconsideration.  Doc. 119.  I reconsidered.  Doc. 120.  Plaintiff filed objections to my report and recommendation. Doc. 123.  The court adopted my report and recommendation and denied leave to file a fourth amended complaint.  Doc. 124.  That occurred on February 20, 2007.  This case, therefore, went to summary judgment on the third amended complaint.

The importance of close attention to the pleadings is especially obvious here.  If Plaintiff's claim is only that he should be allowed to wear Islamic clothing in his cell and only during Islamic rituals, then a wholly different factual focus is required, and different discovery would have taken place.  Is Plaintiff in close management?  Is it likely he will stay at Florida State Prison?  How many times a day would Plaintiff have to dress and undress to perform Islamic rituals?  How would that interfere with other required activities?  To what extent would Plaintiff be in contact with other prisoners while

wearing Islamic clothing?  To what extent would there be a security risk if Plaintiff were allowed to wear Islamic clothing in his cell only during rituals?

In summary, Plaintiff's clothing claim has not been narrowed as he now argues. There is no "least restrictive means" available to Defendants as to the clothing claim before the court.  Plaintiff either is allowed generally to wear the clothing of his faith instead of the usual prisoner uniform, or he is not.  The recommendation I previously entered as to the clothing claims is correct.

### Qibla compass

There is also no "least restrictive means" as to this claim.  Either Plaintiff is permitted to possess this compass or he is not.  Further, the only reason alleged to possess the compass is to determine the direction of the Qibla for prayer.  The direction to the Qibla for Florida State Prison is 54.49 degrees north.  Doc. 210, p. 29, n. 9. Plaintiff can ascertain the direction simply by asking prison officials at Florida State Prison to check the internet site and mark the direction on his cell floor or on a wall. The recommendation I previously entered as to this claim is correct.

### Secluded showers

Again, the claim before the court is the claim in the third amended complaint, not some narrowed claim in the response to the motion for summary judgment.  Defendants have a compelling interest to require all prisoners to shower frequently.  Further, even if the narrowed claim were to be permitted, Plaintiff still has not come forward with competent evidence to show that his cell, and the cells to which he may likely be assigned in the future, have a shower.  Plaintiff resides at Florida State Prison.  I have seen many of the single cells at Florida State Prison in years past, and I do not recall

that showers were provided in the cells.  Perhaps that has changed.  If, in response to this report and recommendation, Plaintiff can clearly establish that fact by fully describing his cell *shower* in his affidavit, I will reconsider this claim or the district judge may do so.  A shower in the cell would arguably be the "least restrictive means."  A shower, however, is not a sink with a faucet.  As it stands on this record, the *shower* is down the corridor and Plaintiff has to walk to get there.  When Plaintiff gets to the shower, whatever clothing he has on must be taken off and hung up someplace.  Making Plaintiff walk to the shower in his undershorts and a towel is the "least restrictive means" of achieving the compelling state interest in hygiene.

### Gold crowns

There is no need to reconsider my recommendation as to the gold crown claim.  I have recommended that that claim go to trial.

### First Amendment Halal diet claim

There is no need to reconsider my recommendation as to this as I have recommended that this claim go to trial.

### Equal Protection Halal diet claim

I see no need to revisit my recommendation here.  Plaintiff's objection is premised upon the argument that Plaintiff has amended his complaint.  He has not.  The Halal diet claim is the one in the third amended complaint.  My discussions about proof at trial, speculation about whether a bag lunch would suffice, was not necessary to my conclusion that Defendants came forward with no evidence to merit summary judgment on this claim.

**Defenses to the First Amendment and Equal Protection claims**

I have considered Plaintiff's objections. The constitutional claims before this court are the ones in the third amended complaint. The objections are without merit.

**Conclusion**

Plaintiff's objections to my last report and recommendation are without merit. Therefore, it is **RECOMMENDED** that the court adopt my last report and recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on April 23, 2008.


      s/   William C. Sherrill, Jr.
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**