IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AKEEM MUHAMMAD,

    Plaintiff,

vs.                                                   Case No. 4:05cv193-WS/WCS

WALTER A. McNEIL,[1]
JAMES McDONOUGH,
GEORGE SAPP,
FRANCHATTA BARBER, and
JAMES CROSBY,

    Defendants.

                                          /

## EIGHTH REPORT AND RECOMMENDATION

    Pending is Plaintiff's renewed motion to file a fourth amended complaint. Doc. 214. Defendants object. Doc. 218.

    FED. R. CIV. P. 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but

---

[1] Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted for McDonough in his official capacity. FED. R. CIV. P. 25(d).

"[t]he court should freely give leave when justice so requires." The Eleventh Circuit has noted that Rule 15(a) "severely restricts the district court's freedom." It has held that:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). The purpose of generously allowing amendment is to facilitate a proper decision upon the merits.

Dussouy v. Gulf Coast Investment Corporation, 660 F.2d 594, 598 (5th Cir. 1981).

Quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Eleventh Circuit has also stated that:

> In determining whether to grant a motion to amend a pleading, the district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."

Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990). In Nolin, the court held that it was not an abuse of discretion to deny amendment to state a related constitutional claim after the pretrial order had been entered and the parties were ready for trial. In Paschal v. Florida Public Employment Relations Commission, 666 F.2d 1381 (11th Cir.), *cert. denied*, 457 U.S. 1109 (1982), the court again found no abuse of discretion by a denial of leave to amend where the case was over a year old, discovery had closed, the motion to amend was not made until shortly before trial, the amendment would have caused prejudice to defendants by a continuance of the trial, and there was no indication that the plaintiff would be precluded from bringing his claim in a separate suit due to the running of the statute of limitations.

Denial of leave to amend was also sustained in Addington v. Farmer's Elevator Mutual Insurance Company, 650 F.2d 663 (5th Cir., Unit A), *cert. denied*, 454 U.S. 1098 (1981). The court found that amendment was sought more than a year after filing suit, after a motion for summary judgment had been filed, and after discovery had ended. Moreover, the court found the proposed amendment to be futile. 650 F.2d at 667. Denial of leave to amend was held to be not an abuse of discretion in Local 472, etc. v. Georgia Power Company, 684 F.2d 721 (11th Cir. 1982). Amendment was not justified, said the court, because discovery had been competed and all defendants had filed motions for summary judgment.

Where a motion to amend is filed within the time permitted by the scheduling order, the liberal amendment rules of Rule 15(a) apply. Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). If filed after, then good cause to amend the scheduling order must be shown. *Id.* "If we consider only rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.*

> District courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . ." Fed.R.Civ.P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed.R.Civ.P. 16(e), and may be modified only "upon a showing of good cause." Fed.R.Civ.P. 16(b). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note; s*ee also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

Sosa, 133 F.3d at 1418.

The usual scheduling order was not entered here, but this case has had pending a special report, construed as a motion for summary judgment, since December 1, 2006.  Doc. 114.  Plaintiff was permitted to conduct discovery as needed to discover evidence not supplied by the special report.  Doc. 150.  A period of discovery then occurred marked by repeated controversy.  See doc. 150 through doc. 187.  A report and recommendation was finally entered on the pending motion for summary judgment on February 29, 2008.  Doc. 210.

In the course of the litigation of this case, Plaintiff has filed numerous motions for reconsideration, emergency motions, motions to compel, and objections to orders.  He has filed four motions for preliminary injunctions.  Docs. 6, 17, 110, 142.  Not counting the two reports and recommendations I enter today, I have entered six reports and recommendations since the beginning of this case.  Docs. 5, 16, 76, 117, 159, 210.

Plaintiff filed a motion to file a fourth amended complaint on November 27, 2006.  Doc. 107.  I recommended that Plaintiff not be allowed to file a fourth amended complaint.  Doc. 117.  Plaintiff sought reconsideration.  Doc. 119.  I reconsidered.  Doc. 120.  Plaintiff filed objections to my report and recommendation.  Doc. 123.  The court adopted my report and recommendation and denied leave to file a fourth amended complaint.  Doc. 124.  In that report and recommendation, filed over a year ago, I noted:

> At this point, this case has been pending in federal court for approximately nineteen months and Defendants have already filed two motions to dismiss. Docs. 73, 75.  Two report and recommendations were entered, doc. 76 and 84, which denied the motions and directed Defendants to file the special report.  Those report and recommendations were adopted on November 9, 2006, docs. 102 and 103, and all four Defendants filed the special report on December 1, 2006. Doc. 114.  This case is, accordingly, at the summary judgment stage and ready for review.

Doc. 117, p. 2.

These observations are even truer today. This motion to amend the complaint should be denied. Discovery has ended. A report and recommendation has been entered on the claims in the third amended complaint. If the report and recommendation is adopted, this case goes to trial on the few remaining claims. If amendment were to be allowed, discovery would have to reopen and Defendants would be severely prejudiced in having to reassess their defenses.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion to file a fourth amended complaint, doc. 214, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 23, 2008.

> s/ William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**