IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


AKEEM MUHAMMAD,

        Plaintiff,

v.                                           4:05cv193-WS

JAMES CROSBY, et al.,

        Defendants.

_____


ORDER DENYING PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT

    Judgment was entered in this case on September 3, 2009.  See Doc. 339. The Eleventh Circuit affirmed the judgment by decision entered July 21, 2010. See Doc. 352.  On December 9, 2013, more than four years after judgment was entered, the plaintiff filed a Rule 60 motion for partial relief from judgment.  Doc. 356.  By order entered January 28, 2014, the magistrate judge denied the plaintiff's Rule 60 motion as untimely and without basis.  The plaintiff has now filed objections (doc. 360) to the magistrate judge's order, arguing—among other things—that the magistrate judge lacked authority to deny his motion.

The court agrees that the magistrate judge lacked the authority to deny the plaintiff's Rule 60(b)(6) motion.  Absent consent of the parties, dispositive matters may only be resolved by a district judge.  28 U.S.C. § 636(b); see Bannistor v. Ullman, 287 F.3d 394, 400 (5th Cir. 2002) (noting that district judges may refer Rule 60 motions to magistrate judge's for report and recommendation under 28 U.S.C. § 636(b)(3)).  In Perry v. Delaware River Port Auth., 208 F. App'x 122 (3d Cir. 2006), the Third Circuit Court of Appeals explained as follows:

> A Rule 60(b) motion for relief from judgment can only be referred to a magistrate pursuant to 28 U.S.C. § 636(b)(3), which allows the district court to assign to the magistrate "additional duties . . . not inconsistent with the Constitution and laws of the United States."  See Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 74 (1st Cir. 2001); LeGear v. Thalacker, 46 F.3d 36, 37 (8th Cir. 1995); McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 925 F.2d 853, 856 (5th Cir. 1991).  When a motion is referred to a magistrate judge pursuant to § 636(b)(3), the magistrate judge is not authorized to enter judgment for the court, but instead may issue recommendations to the district court which are then subject to de novo review.  See Quarles, 925 F.2d at 856 n. 5.  We therefore view the Magistrate Judge's March 18, 2004 denial of Appellant's motion to reopen as a recommendation to the District Court.

Id. at 125 n.3.

Having reviewed the plaintiff's motion to alter or amend judgment, the magistrate judge's order (construed as a report and recommendation), and the plaintiff's objections to the magistrate judge's order, the court finds—as did the magistrate judge—that the plaintiff's Rule 60(b)(6) motion must be denied.  It is

well-established that a motion for relief from judgment under Rule 60(b)(6) may be granted only in extraordinary circumstances. Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014). "[A] change in decisional law is insufficient to create the 'extraordinary circumstance' necessary to invoke Rule 60(b)(6)." Id. (citing Gonzalez v. Crosby, 545 U.S. 524, 535-38 (2005)); see also Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996) (noting that "[s]omething more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief") (internal quotation marks and alteration omitted). Here, the plaintiff asserts that Rule 60(b)(6) relief is warranted based on (1) a 2013 change in the religious diet plan used by the Florida Department of Corrections ("FDOC"); and (2) the Eleventh Circuit's 2013 decision in Rich v. Secretary, Florida Dep't of Corrections, 716 F.3d 525 (11th Cir. 2013) (concluding that FDOC's adoption—during the pendency of the plaintiff's lawsuit—of a new religious diet plan did not moot the plaintiff's claim based on the Department's failure to provide kosher meals). The plaintiff's argument is flawed, however, as neither the change in departmental policy nor the Eleventh Circuit's decision in Rich creates an "extraordinary circumstance" justifying Rule 60(b)(6) relief in this case.

    Accordingly, it is ORDERED:

    The plaintiff's Rule 60(b)(6) motion (doc. 356) is DENIED.

DONE AND ORDERED this __27th__ day of ___March___, 2014.

                                                s/ William Stafford
                                                WILLIAM STAFFORD
                                                SENIOR UNITED STATES DISTRICT JUDGE